IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Nichols-Joseph Kinstle, | Case No. 3:11 CV 2401 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Juergen A. Waldick, et al., | |
| Defendants. | |

On November 7, 2011, *pro se* Plaintiff Nicholas-Joseph Kinstle, an inmate at the Pickaway Correctional Institution, filed this civil rights action against the following Defendants: Juergan Waldick, Anthony Miller, Timothy Jackson, Mark Baker, Alan Mefferd, Allen County Sheriff's Office, Lima Municpal Court, Lima Municipal Court Clerk of Courts, Allen County Common Pleas Court, Allen County Common Pleas Court Clerk of Courts Office, Allen County Common Pleas Court Reporter Patti Breitigan, John Sabol, Kenneth Rexford, and Kenneth Rexford & Co. LLC. Plaintiff filed a Motion for Emergency Injunctive Relief (Doc. No. 4) on November 28, 2011.

In his Complaint (Doc. No. 1), which consists of a sixteen-page affidavit in a single paragraph, Plaintiff asserts he was improperly convicted by the Allen County Common Pleas Court. He seeks monetary relief, in the form of silver dollars, and copies of court transcripts and other records pertaining to his convictions.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), this Court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.

*Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

When a prisoner challenges "the very fact or duration of his physical imprisonment . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Absent allegations that criminal proceedings terminated in Plaintiff's favor, or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's claim regarding trial transcripts and other records also fails. The Allen County Court of Common Pleas docket reflects transcripts of the relevant proceedings were prepared and forwarded to the Ohio Court of Appeals on December 5, 2011. *See State v. Kinstle*, CR 2011 0048, *available at* http://www.co.allen.oh.us/commonpleas/ccom.php. There is no indication these documents are unavailable for Plaintiff's review.

For the foregoing reasons, Plaintiff's Motion is denied and this action is dismissed pursuant to Section 1915(e). Furthermore, under Section1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 8, 2011